UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JASON DAY | : |
| | : |
| | : CIVIL ACTION NO. |
| v. | : 3:04-cv-1246 (JCH) |
| | : |
| THERESA LANTZ, ET AL | : FEBRUARY 15, 2007 |

**RULING ON MOTION FOR RECONSIDERATION**

On August 16, 2006, the court denied plaintiff's motion for a separate final judgment as to the claims dismissed by the court on December 22, 2004. The plaintiff now asks the court to reconsider its ruling.

The standard for granting a motion for reconsideration is strict. See Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995). The court will deny such a motion "unless the moving party can point to controlling decisions or data that the court overlooked--matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Id. Thus, a motion for reconsideration permits the court "to correct 'manifest errors of law or fact or to consider newly discovered evidence . . . .'" LoSacco v. City of Middletown, 822 F. Supp. 870, 876-77 (D. Conn. 1993) (quoting Rothwell Cotton Co. v. Rosenthal & Co., 827 F.2d 246, 251 (7th Cir. 1987)), aff'd, 33 F.3d 50 (2d Cir. 1994).

The plaintiff identifies no errors of law or fact in the court's ruling nor does he present any facts he could not have presented in the original motions that are the subject of the August 16, 2006 Ruling. He simply states that he will be prejudiced if the court does not enter a separate judgment because he was unable to sue the defendants in state

court.

The Motion for Reconsideration [**Doc. No. 46**] is **DENIED.**

**SO ORDERED**

Dated at Bridgeport, Connecticut, this 15th day of February, 2007.

    /s/ Janet C. Hall
Janet C. Hall
United States District Judge